IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DOMINIQUE OUTLAW,

      Petitioner,

v.                                      Civil Action No. 1:13cv153
                                        Criminal Action No. 1:09cr123-2
                                        (Judge Keeley)

UNITED STATES OF AMERICA,

      Respondent.

## REPORT AND RECOMMENDATION

### I. Introduction

On June 3, 2013, the petitioner filed a Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Dkt.# 124). On June 5, 2013, the undersigned made a preliminary review of the petition and found that summary dismissal was not warranted. Accordingly, the respondent was directed to file an answer. On July 2, 2013, the respondent filed its answer. (Dkt.# 133). Petitioner moved for an extension of time in which to reply, which was granted by Order entered July 22, 2013. (Dkt.# 137). However, petitioner never filed a reply.

This matter, which is pending before me for report and recommendation pursuant to LR PL P 2, is ripe for review.

### II. Facts

**A. Conviction and Sentence**

On November 4, 2009, the Grand Jury returned a three-count indictment against petitioner and a co-defendant, J.H., both of whom were already federal inmates at U.S.P. Hazelton, in Bruceton Mills, Preston County, West Virginia.[1] Count One charged petitioner and

---

[1] Dkt.# 4.

1

J.H. with violating 18 U.S.C. §§ 113(a)(3), 2, and 7(3) by aiding and abetting each other in the assault of another inmate with a dangerous weapon. Counts Two and Three charged only J.H. with assaulting correctional officers during a different incident.

On March 2, 2010, the Grand Jury returned a three-count superseding indictment against petitioner.[2] In it, petitioner was charged in Count One with aiding and abetting J.H. in the assault of another inmate with a dangerous weapon, in violation of 18 U.S.C. §§ 113(a)(3) and 7(3). Count Two charged petitioner with violating 18 U.S.C. §§ 113(a)(3) and 7(3) by assaulting another inmate with a dangerous weapon; the weapon used was a makeshift "shank." Count Three charged petitioner with the assault of another inmate with a dangerous weapon in violation of 18 U.S.C. §§ 113(a)(3) and 7(3); the weapon used being a "shod foot."[3]

After a two-day trial held on July 6 and 7, 2010, petitioner was found guilty of all three counts in the superseding indictment.[4]

On June 2, 2011, petitioner was sentenced 57 months imprisonment fifty-seven months of incarceration for each count of the superseding indictment; the three sentences were to run concurrently, but consecutively to the sentence already imposed by the Superior Court for the District of Columbia,[5] for which petitioner was incarcerated at USP Hazelton at the time of the

---

[2] Petitioner's co-defendant entered a plea to Count Three of the original Indictment: Forcibly Resisting Officers with a Dangerous Weapon, in violation of 18 U.S.C. §111(a) and (b) on February 9, 2010 and received a 24-month sentence, to be served consecutive to the sentence he was serving at the time of the assault. See 1:09-cr-00123-IMK-JSK-1, Dkt.# 27 and 29.

[3] Dkt.# 35.

[4] Dkt.# 76.

[5] At the time of his conviction on the instant charges, petitioner was serving a life sentence imposed in the Superior Court for the District of Columbia on July 14, 2000, for convictions for crimes committed at age 18, in Case Number F5992-99C, D, E: Second Degree Murder While Armed; Possession of a Firearm During a Crime of Violence or Dangerous Offense; and Carrying a Pistol Without a License. See Presentence Investigation Report ("PSR"), Dkt.# 99, ¶41 at 8.

instant offenses. He was also assessed a $100 special assessment fee for each of the three counts, for a total of $300.00.[6]

## B. Appeal

On June 13, 2011, petitioner, through counsel, filed a notice of appeal. Petitioner raised two grounds for appeal: 1) his convictions for two counts of assault with a deadly weapon violated the Double Jeopardy Clause of the Fifth Amendment and 2) the district court erroneously denied his motion to dismiss the superseding indictment based on false testimony before the grand jury. By unpublished *per curiam* opinion dated February 8, 2012, the Fourth Circuit affirmed his conviction and sentence.[7] On May 1, 2012, petitioner petitioned for a writ of *certiorari,* which was denied on June 4, 2012.

## C. Federal Habeas Corpus

### Petitioner's Contentions

The petitioner contends that counsel was ineffective during the pretrial, trial, sentencing and appeal process.[8] He argues that counsel was ineffective for failing to investigate defects in the grand jury indictment process, because the superseding indictment had neither the signature

---

[6] Dkt.# 97.

[7] (4th Cir. Dkt.# 29)(11-4625).

[8] Petitioner's §2255 motion incorrectly asserts that he was represented by Attorney Katy J. Cimino at his preliminary hearing, arraignment, and trial. (Dkt.# 1 at 10). However, a review of the record indicates that Attorney Richard Walker of the Federal Public Defenders' Office was originally appointed to represented petitioner on June 8, 2009. Shortly before trial, on June 24, 2010, Attorney Katy J. Cimino entered a notice of appearance. (Dkt.# 67). Trial was held on July 6 – 7, 2010. Following his convictions, the Court scheduled petitioner's sentencing for October 19, 2010. However, prior to sentencing, petitioner sent a letter which the Court construed as a *pro se* motion for a new trial and appointment of substitute counsel. See Dkt.# 85. In it, petitioner complained only of Attorney Walker's representation. Id. At the hearing originally set for sentencing on October 19, 2010, upon inquiry by the Court, petitioner stated that he wished to proceed with sentencing but confirmed that on appeal and in a habeas petition, he intended to challenge trial counsel's effectiveness. After this disclosure, Attorney Walker asserted that while he was confident he could continue to represent petitioner, he did not believe that ethically he could do so in light of the unwaivable conflict that had arisen. Accordingly, he moved to withdraw. Therefore, in light of defense counsel's clear conflict, the sentencing hearing was continued to permit appointment of new counsel. Both Attorneys Walker, Cimino, and the Federal Public Defenders' Office were terminated on November 1, 2010 (Dkt.# 87). Attorney Stephen Herndon was then appointed (Id.). Herndon represented petitioner at the June 2, 2011 sentencing and on appeal.

of the grand jury foreperson or of the United States Attorney; it was not returned in open court; and there was no evidence to show that the requisite twelve jurors voted to return it. Thus, he concludes, the district court lacked subject matter jurisdiction over his case.

As relief, he requests that the court grant his motion, dismiss the indictment and vacate his conviction and sentence.

### Government's Response

The Government contends that petitioner's claims of ineffective assistance have no merit and should be denied, because the superseding indictment was not deficient or prejudicial.

### III. Analysis

#### A. Burden of Proof

"A petitioner collaterally attacking his sentence or conviction bears the burden of proving that his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. §2255. A motion collaterally attacking a petitioner's sentence brought pursuant to §2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. U.S.A., 2006 WL 36859 *2 (E.D. Va. Jan. 4, 2006).

#### B. Procedural Default

Here, it is clear that the real claims petitioner is making in his §2255 motion are three challenges to the validity of the indictment, albeit couched as claims of ineffective assistance of counsel for not raising them. Therefore, before evaluating the merits of petitioner's claims, the Court must determine which of petitioner's issues he may bring in his § 2255 motion and which are procedurally barred.

"[A] final judgment commands respect. For this reason, we have long and consistently affirmed that a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982). Therefore, the failure to raise a claim on direct appeal may result in a procedural default barring collateral review. Bousley v. United States, 523 U.S. 614 (1998).

"In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." United States v. Mikalajunas, 186 F. 3d 490, 492-93 (4th Cir. 1999). "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." Id. Actual prejudice is then shown by demonstrating that the error worked to petitioners' "actual and substantial disadvantage," rather than just creating a possibility of prejudice. See Satcher v. Pruett, 126 F. 3d 561, 572 (4th Cir. 1997) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)).

"In order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence." Mikalajunas, 186 F.3d at 493. "Typically, to establish actual innocence, a petitioner must demonstrate actual factual innocence of the offense of conviction, i.e., that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent." Id. at 494. The petitioner must show that "it is more likely than not that no reasonable juror would have convicted him." Schlup v. Delo, 513 U.S. 298 (1995).

In this case, three weeks before trial, in a motion to dismiss the superseding indictment,[9] and again on appeal, petitioner raised the claim that a government witness intentionally falsely misled the Grand Jury into returning an indictment against him.[10] Nowhere, either in his pretrial motion to dismiss or on appeal, did petitioner ever challenge the indictment on the additional grounds he is now raising. Instead, here, petitioner now attempts to expand his attack on the indictment in three new ways, by claiming that: the superseding indictment was defective because it was not signed by the grand jury foreperson or the AUSA; it was not returned in open court; and there was no evidence on the record to show that twelve grand jurors concurred in its return. He claims that counsel was ineffective for not "investigating" these claims.

However, the undersigned is not deceived by petitioner's transparent attempt to evade the proscription against raising procedurally barred claims in a §2255 motion. Accordingly, the undersigned finds that the real claims at issue are the three underlying claims as to the validity of the indictment, claims that should have been raised on direct appeal and are now waived. See United States v. Frady, 456 U.S. 152 (1982) ("[A] final judgment commands respect. For this reason, we have long and consistently affirmed that a collateral challenge may not do service for an appeal."); see also Bousley v. United States, 523 U.S. 614 (1998) (finding that the failure to raise a claim on direct appeal may result in a procedural default barring collateral review). Moreover, although the undersigned finds that there were no defects in the proceedings leading to the return of either the original or superseding indictments, even if there were, they would be harmless, in light of the jury's verdict of guilty and the affirmance of the conviction of that conviction by the Fourth Circuit Court of Appeals. A petit jury's verdict of guilty beyond a reasonable doubt demonstrates *a fortiori* that there was probable cause to charge the defendants

---

[9] Dkt.# 62.

[10] (4th Cir. Dkt.# 16 at 20 - 24)(11-4625).

with the offenses for which they were convicted. United States v. Mechanik, 475 U.S. 66, 67 (1986).

Petitioner has neither shown cause for why he failed to bring these claims on appeal, nor can he show prejudice. He has not made a showing of factual innocence, so he has not proven that it would be a miscarriage of justice for the court to entertain these claims, and they should be denied. However, in the interest of leaving no stone unturned in evaluating petitioner's claims, the undersigned will also provide an analysis of petitioner's claims against counsel.

**C. Ineffective Assistance of Counsel**

Petitioner contends that counsel was ineffective "in the pretrial stage, trial, sentencing, and direct appeal process" for failing to conduct an adequate pretrial investigation into the validity of the indictment and superseding indictments. He asserts that if only counsel had properly investigated, he would have realized that the indictments did not meet the standards of Fed.R.Crim.P. 6 and the Fifth Amendment, and because they were so defective, the district court lacked subject matter jurisdiction to conduct his trial.

The Supreme Court has set forth a two-prong test for determining whether a convicted defendant's claim of ineffective assistance of counsel warrants the reversal of his conviction. Strickland v. Washington, 466 U.S. 668, 687 (1984). First, "the defendant must show that counsel's performance was deficient." Id. Second, "the defendant must show that the deficient performance prejudiced the defense." Id. These two prongs are commonly referred to as the "performance" and "prejudice" prongs. Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992).

To satisfy the "performance" prong, the defendant must demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth

7

Amendment." Strickland, 466 U.S. at 687. However, a reviewing court does not "grade" trial counsel's performance, and there is a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." Carter v. Lee, 283 F.3d 240, 249 (4th Cir. 2002). Essentially, the reviewing court must not "second-guess" counsel's performance and must "evaluate counsel's performance 'from counsel's perspective at the time.'" Hunt v. Lee, 291 F.3d 284, 289 (4th Cir. 2002). Furthermore, the standard of reasonableness is objective, not subjective. See Strickland, 466 U.S. at 688.

To satisfy the "prejudice" prong, the defendant must demonstrate that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. Therefore, if counsel's errors have no effect on the judgment, the conviction should not be reversed. See id. at 691. The Fourth Circuit has recognized that if a defendant "cannot demonstrate the requisite prejudice, a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297.

The Fourth Circuit has set forth two categories of decisions made by trial counsel when analyzing ineffective assistance of counsel claims. First, there are "personal" decisions that require the defendant's consent, such as the decision to enter a guilty plea, the decision to waive a trial by jury, the decision to appeal, and the decision of whether to testify at trial. Sexton v. French, 163 F.3d 874, 885 (4th Cir. 1998) (citations omitted). The second category includes decisions that "'primarily involve trial strategy and tactics,' such as 'what evidence should be introduced, what stipulations should be made, what objections should be raised, and what pre-trial motions should be filed." Id. (quoting United States v. Teague, 953 F.2d 1525, 1531 (11th Cir. 1992)). Accordingly, "[t]here is a strong presumption that counsel's attention to certain

issues to the exclusion of others reflects trial tactics rather than sheer neglect." Harrington v. Richter, 131 S. Ct. 770, 790 (2011) (citations omitted) (internal quotation marks omitted).

The Strickland Court recognized that counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. Strickland, 466 U.S. at 690; see also Coles v. Peyton, 389 F.2d 224, 226 (4th Cir. 1968) (attorneys must "conduct appropriate investigations, both factual and legal, to determine if matters of defense can be developed").

However, here, the Court has reviewed both the November 4, 2009 indictment and the March 3, 2010 superseding indictment, and takes judicial notice that there was a 19 person grand jury for the former, and a 21 person grand jury for the latter; all grand jurors concurred in finding an indictment in both, and in both, the foreperson did in fact sign the indictment/superseding indictment in question, swearing under oath that 19/21 grand jury members voted to indict. Therefore, petitioner's claim that the indictments lacked the signatures of both the United State Attorney ("AUSA") and the Grand Jury foreperson has no merit. Further, a review of the sealed, unredacted version of the superseding indictment on the docket reveals that both signatures are present.[11] Likewise, a review of the sealed, unredacted version of the original indictment reveals that both signatures are present.[12] A valid signed indictment was presented to the Magistrate Judge in open court each time.

Accordingly, it can be presumed that none of the three attorneys who represented petitioner before, during, or after trial or on appeal chose to attack the superseding indictment for these alleged defects, because it is clear from the record that they did not exist. "Counsel is not required to waste the court's time pursuing frivolous legal motions." Wheeler v. United States,

---

[11] See Dkt.# 35 at 3.

[12] See Dkt.# 4 at 3.

2011 WL 2491376, at *15 (N.D. W.Va. Apr. 25, 2011) (citing United States v. Bosch, 584 F.2d 1113, 1121 (1st Cir. 1978)).

Consequently, this claim can also be dismissed on the merits, because true bills on the indictment and on the superseding indictment were properly returned by the grand jury each time and presented to a Magistrate Judge in open court. Because petitioner has not established the requisite prejudice, this Court need not consider the "performance" prong. Fields, *supra* at 1297. Thus, this ground for relief should be denied on the merits.

**D. Ineffective Assistance of Appellate Counsel**

While petitioner's §2255 motion also claims that appellate counsel was ineffective, nowhere does petitioner include any details as to how appellate counsel was deficient, other than his general allegation that counsel at every stage of his representation, including appeal, were deficient for failing to investigate the allegedly invalid indictment/superseding indictment. However, petitioner's claim that his appellate counsel was ineffective for not raising as issues for appeal the alleged deficiencies with the indictment and superseding indictment have already been addressed *supra,* and proven to be meritless. Petitioner cannot claim that counsel was ineffective in not raising an issue on appeal when there was no issue to raise. See Smith v. Robbins, 528 U.S. 259, 288 (2000). Ergo, this claim fails.

**IV. Recommendation**

For the foregoing reasons, the undersigned recommends that petitioner's §2255 motion (Dkt.# 124) be **DENIED** and that this matter be **DISMISSED with prejudice.**

Within **fourteen (14) days** after being served with a copy of this recommendation, **or by August 19, 2014,** any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such

objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket and to transmit a copy electronically to all counsel of record.

DATED: August 5, 2014

/s/ James E. Seibert  
JAMES E. SEIBERT  
UNITED STATES MAGISTRATE JUDGE