IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DOMINIQUE OUTLAW,**

        Petitioner,

v. // CIVIL ACTION NO. 1:13CV153
           CRIMINAL ACTION NO. 1:09CR123
             (Judge Keeley)

**UNITED STATES**

        Respondent.

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 17], DENYING
§ 2255 MOTION [DKT. NO. 1], AND DISMISSING CASE WITH PREJUDICE**

Pending before the Court is the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Dkt. No. 1) filed by the petitioner, Dominique Outlaw ("Outlaw"). Also pending is the Report and Recommendation ("R&R") of the Honorable James E. Seibert, United States Magistrate Judge, recommending that the Court deny Outlaw's § 2255 motion (Dkt. No. 17). The question presented is whether Rosemond v. United States, 134 S.Ct. 1240 (2014), which was decided after Outlaw had exhausted his direct appeal, requires the Court to grant Outlaw a new trial. For the reasons that follow, the Court concludes that Rosemond is not retroactively applicable, and if it were, that any error under Rosemond does not actually prejudice Outlaw. It, therefore, **ADOPTS** the R&R, **OVERRULES** Outlaw's objections, **DENIES** the § 2255 motion, and **DISMISSES** this case **WITH PREJUDICE**.

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 17], DENYING
§ 2255 MOTION [DKT. NO. 1], AND DISMISSING CASE WITH PREJUDICE**

### BACKGROUND[1]

On April 16, 2009, Outlaw, who at the time was an inmate at United States Penitentiary Hazelton, allegedly assaulted a fellow inmate, C.D. (Case No. 1:09CR123, Dkt. No. 34).[2] On March 2, 2010, a federal grand jury sitting in the Northern District of West Virginia returned a superseding indictment charging Outlaw with aiding and abetting co-defendant Jonathan Heiligh ("Heiligh") in the assault of C.D. with a dangerous weapon (Count I)(Case No. 1:09CR123, Dkt. No. 34), assault of C.D. with a dangerous weapon, specifically a shank (Count II), Id., and assault of C.D. with a dangerous weapon, specifically a shod foot (Count III) Id.

On July 7, 2010, following a two-day trial, a jury convicted Outlaw on all three counts (Case No 1:09CR123, Dkt. No. 76). On June 2, 2011, the Court imposed a concurrent sentence of 57 months of imprisonment on each count (Case No. 1:09CR123, Dkt. No. 100). The Court imposed those concurrent sentences to be served

---

[1] All docket numbers, unless otherwise noted, refer to Case No. 1:13CV153.

[2] Outlaw has since relocated to United States Penitentiary Atwater in Atwater, California.

**OUTLAW V. UNITED STATES** 1:13CV153

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 17], DENYING
§ 2255 MOTION [DKT. NO. 1], AND DISMISSING CASE WITH PREJUDICE**

consecutively to the sentence imposed by the Superior Court for the District of Columbia on Outlaw's underlying offense.[3]  Id.

Outlaw appealed his conviction and sentence for two reasons. First, he alleged that his convictions for two counts of assault with a deadly weapon violated the Double Jeopardy Clause of the Fifth Amendment. Second, he contended that the Court erroneously denied his motion to dismiss the superseding indictment based on false grand jury testimony (Case No. 1:09CR123, Dkt. No. 121). The United States Court of Appeals for the Fourth Circuit rejected these arguments, and affirmed Outlaw's conviction and sentence on February 8, 2012. United States v. Outlaw, 464 F. App'x 165, 167-68 (4th Cir. 2012) (per curiam). Outlaw filed a petition for writ of certiorari, which the Supreme Court of the United States denied on June 4, 2012. Outlaw v. United States, 132 S.Ct. 2727 (2012) (mem.).

Outlaw filed his § 2255 motion on June 3, 2013 (Dkt. No. 1). He contends that his counsel was ineffective during the pre-trial, trial, sentencing, and appeal phases of his case for failing to

---

[3] On July 14, 2000, the Superior Court for the District of Columbia sentenced Outlaw to twenty years to life for second degree murder while armed (Case No. 1:09 CR123, Dkt. No. 99 at 8).  As of the writing of the pre-sentence report in 1:09CR123, Outlaw will be eligible for parole in 2019.  Id. at 12.

3

**OUTLAW V. UNITED STATES**                                          1:13CV153

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 17], DENYING
§ 2255 MOTION [DKT. NO. 1], AND DISMISSING CASE WITH PREJUDICE**

investigate defects in the grand jury indictment process.[4]  Id. According to Outlaw, the superseding indictment suffered from the following defects:  (1) the grand jury foreperson and the United States Attorney did not sign the indictment; (2) the grand jury failed to return the indictment in open court; and, (3) the requisite twelve jurors did not vote to return the indictment.  Id.

In opposing Outlaw's motion, the United States has argued that (1) both the grand jury foreperson and the United States attorney signed the original superseding indictment, which is sealed on the docket; (2) the indictment was presented in open court to the magistrate judge; and, (3) at least twelve jurors concurred in the return of the indictment (Dkt. No. 10 at 8, 10-11).

On August 5, 2014, Magistrate Judge Seibert recommended that the Court deny Outlaw's motion and dismiss the case with prejudice because his contentions lacked merit (Dkt. No. 17).  He concluded that Outlaw had failed to raise his claims on direct appeal and therefore had waived them.  Id. at 6.  He also concluded that

---

[4] The Federal Public Defenders' Office originally represented Outlaw through the pre-trial and trial stage (Case No. 1:09CR123, Dkt. No. 2).  Post-trial, but pre-sentencing, the Court appointed new counsel to represent Outlaw after he represented that he intended to challenge trial counsel's effectiveness on appeal (Case No. 1:09CR123, Dkt. No. 87).

**OUTLAW V. UNITED STATES** 1:13CV153

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 17], DENYING
§ 2255 MOTION [DKT. NO. 1], AND DISMISSING CASE WITH PREJUDICE**

Outlaw's claims of ineffective assistance of counsel failed because the grand jury process was not defective. Id. at 9. When Outlaw filed his objections to the R&R on October 10, 2015 (Dkt. No. 23), rather than address any of the conclusions in the R&R, he contended that the Supreme Court's decision in Rosemond v. United States is an intervening case that compels this Court to grant him a new trial. Id. The matter is fully briefed and ripe for disposition.

**STANDARD OF REVIEW**

When reviewing a magistrate judge's report and recommendation made pursuant to 28 U.S.C. § 636, the court must review de novo only the portion to which an objection is timely made. 28 U.S.C. § 636(b)(1)(C). When no objections to the R&R are made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F.Supp. 825, 828 (E.D. Cal. 1979). Because Outlaw did not object to the conclusions in the R&R, the Court will review those conclusions for clear error. It will review the remainder of his argument de novo.

**LEGAL STANDARD**

Title 28 U.S.C. § 2255(a) permits federal prisoners in custody to assert the right to be released if "the sentence was imposed in

5

**OUTLAW V. UNITED STATES**                                  1:13CV153

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 17], DENYING
§ 2255 MOTION [DKT. NO. 1], AND DISMISSING CASE WITH PREJUDICE**

violation of the Constitution or laws of the United States," if "the court was without jurisdiction to impose such sentence," or if "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." A petitioner bears the burden of proving any of these grounds by a preponderance of the evidence. See Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

## ANALYSIS

### I. Ineffective Assistance of Counsel

Outlaw failed to object to Magistrate Judge Seibert's conclusion that his claims of ineffective assistance of counsel are meritless (Dkt. No. 23). After careful review, the Court **FINDS** no clear error and **ADOPTS** the recommendations in the R&R. Webb, 468 F.Supp. at 828.

### II. Rosemond v. United States

Outlaw has raised the specter of Rosemond v. United States, a case that was not decided at the time of his direct appeal. He contends that, pursuant to the holding in Rosemond, the Court's instructions to the jury as to Count One, aiding and abetting an assault with a dangerous weapon, were erroneous and require a new trial (Dkt. No. 23).

**OUTLAW V. UNITED STATES**                                    **1:13CV153**

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 17], DENYING
§ 2255 MOTION [DKT. NO. 1], AND DISMISSING CASE WITH PREJUDICE**

In Rosemond, the defendant Justus Rosemond, together with Ronald Joseph and Vashti Perez, decided to sell a pound of marijuana to Ricardo Gonzales and Coby Painter. Rosemond, 134 S.Ct. at 1243. Perez drove to a local park, where Gonzales climbed in the back seat of Perez's vehicle with either Rosemond or Joseph.[5] Id. The backseat passenger, whose identity was contested, allowed Gonzales to inspect the marijuana. Id. Rather than handing over the money, Gonzales punched the passenger in the face, grabbed the marijuana, and fled. Id. As Gonzales and Painter ran, either Rosemond or Joseph exited the vehicle and fired several shots from a semi-automatic handgun. Id. The shooter reentered the vehicle, and the trio gave chase to Gonzales and Painter. Id. Before Rosemond, Perez, and Joseph could catch the would-be purchasers, the police intervened and pulled their car over. Id.

The government charged Rosemond with violating 18 U.S.C. § 924(c), either by using a gun in connection with a drug trafficking crime, or by aiding and abetting that offense under 18 U.S.C. § 2. Id. The government prosecuted Rosemond under the theory that he

---

[5] The other passenger remained in the front seat with Perez. See Rosemond, 134 S.Ct. at 1243.

**OUTLAW V. UNITED STATES** 1:13CV153

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 17], DENYING
§ 2255 MOTION [DKT. NO. 1], AND DISMISSING CASE WITH PREJUDICE**

had used the firearm himself during the drug transaction, or had aided and abetted Joseph, who fired the gun. Id. at 1244. As to the aiding and abetting theory, the trial court instructed the jury that a defendant could be found guilty of aiding and abetting a § 924(c) violation only if he "knew his cohort used a firearm in the drug trafficking crime," and "knowingly and actively participated in the drug trafficking crime." Id. The jury convicted Rosemond of violating § 924(c), but the verdict form did not establish whether the jury had found that Rosemond had used the gun himself, or had aided and abetted Joseph's use of the gun. Id.

On appeal, the United States Court of Appeals for the Tenth Circuit affirmed Rosemond's conviction, rejecting his argument that the aiding and abetting instructions of the trial court were erroneous. Id. The Supreme Court,, however, granted certiorari to resolve a circuit split over "what it takes to aid and abet a § 924(c) offense." Id. at 1245. It affirmed the district court's instruction on the affirmative act requirement for aiding and abetting a § 924(c) violation, noting that Rosemond could assist in violating § 924(c) by facilitating either the drug offense or the firearm use. Id. at 1247.

**OUTLAW V. UNITED STATES**                                          **1:13CV153**

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 17], DENYING
§ 2255 MOTION [DKT. NO. 1], AND DISMISSING CASE WITH PREJUDICE**

The Supreme Court, however, concluded that the district court's instructions on the intent requirement were erroneous. Id. at 1248-49. It held that a defendant must be aware of the presence of the firearm in advance in order to be found guilty of aiding and abetting a § 924(c) violation. Id. at 1249-50. It explained that advance knowledge means "knowledge at a time the accomplice can do something with it–most notably, opt to walk away." Id. "A defendant manifests that greater intent [to engage in a drug deal carried out with a gun], and incurs the greater liability of § 924(c), when he chooses to participate in a drug transaction knowing it will involve a firearm; but he makes no such choice when that knowledge comes too late for him to be reasonably able to act upon it." Id. at 1251. Based on that reasoning, the Supreme Court held that the district court erred when it failed to explain to the jury that Rosemond needed advance knowledge of a firearm's presence. Id.

According to Outlaw, the aiding and abetting instruction the Court used in his trial was "legally erroneous under Rosemond [sic]" because he lacked foreknowledge that Heiligh would use a weapon during the assault (Dkt. No. 23 at 3). Outlaw contends that

9

**OUTLAW V. UNITED STATES**                                          1:13CV153

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 17], DENYING
§ 2255 MOTION [DKT. NO. 1], AND DISMISSING CASE WITH PREJUDICE**

"there is no evidence that [he] continued to participate in the assault after a weapon was produced." Id. at 5.

Outlaw assumes, without explicitly stating, that Rosemond applies to all aiding and abetting offenses, and not simply those under § 924(c). Indeed, courts have not limited the principles articulated in Rosemond to violations of § 924(c), but have applied Rosemond to other crimes charged in conjunction with the aiding and abetting statute, including violations of 18 U.S.C. § 113(a), the statute at issue here. See, e.g., United States v. Centeno, 793 F.3d 378, 387 (3d Cir. 2015) (citing Rosemond within the context of aiding and abetting violations of §§ 113(a)(4) and (a)(6)).

Even conceding that Rosemond applies to the charge in Count One, Outlaw has failed to establish that its holding is retroactively applicable to cases on collateral review. Whorton v. Bockting, 549 U.S. 406, 416 (2007) ("[A]n old rule applies both on direct and collateral review, but a new rule is generally applicable only to cases that are still on direct review."). New rules only apply retroactively to cases on collateral review in two circumstances: (1) when the rule is substantive; or, (2) when the rule is a "watershed rul[e] of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." Id.

10

**OUTLAW V. UNITED STATES**                                    1:13CV153

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 17], DENYING
§ 2255 MOTION [DKT. NO. 1], AND DISMISSING CASE WITH PREJUDICE**

(alteration in original, internal quotation marks omitted). New rules are "not dictated by precedent existing at the time the defendant's conviction became final." Teague v. Lane, 489 U.S. 288, 301 (1989). A decision does not announce a new rule when it merely applies a principle that governed a prior decision. Id. at 307.

Although no court of appeals has determined whether Rosemond created a new rule that should be retroactively applied, many district courts have considered the question. The majority of those courts, including this one, have held that Rosemond does not apply retroactively on collateral review because it did not announce a new rule. See, e.g., Cooper v. Brien, No. 5:14CV112, 2015 WL 6085717, at *3-4 (N.D.W. Va. Oct. 16, 2015) (Stamp, J.) (holding that Rosemond is not retroactively applicable and listing cases where Rosemond was not retroactively applied); Cardena-Sosa v. United States, No. 3:14CV76, 2015 WL 2131306, at *9 (N.D.W. Va. May 6, 2015) (Groh, J.) (adopting the report and recommendation of the magistrate judge, who found that Rosemond was not retroactively applicable). It is undisputed that Outlaw's conviction became final on June 4, 2012, when the Supreme Court denied his petition for writ of certiorari. Outlaw v. United States, 132 S.Ct. 2727

11

**OUTLAW V. UNITED STATES**                                1:13CV153

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 17], DENYING
§ 2255 MOTION [DKT. NO. 1], AND DISMISSING CASE WITH PREJUDICE**

(2012) (mem.). He cannot avail himself of Rosemond, which was not decided until March 5, 2014, because his case was not on direct appeal at that time. Whorton, 549 U.S. at 416.

Alternatively, even if Rosemond is retroactively applicable – which it is not – the Court's jury instructions did not actually prejudice Outlaw. See United States v. Frady, 456 U.S. 152, 165-67 (1982) (To obtain collateral relief in a § 2255 motion based on trial errors to which no contemporaneous objection was made, the petitioner must make a showing of both cause and actual prejudice). To obtain relief, Outlaw must establish "not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Id. at 170 (emphasis in original).

The Court instructed the jury, in relevant part, as follows:

> A person may violate the law even though he does not personally do each and every act constituting the offense if he "aided and abetted" the commission of the offense. Before the defendant, Dominique Outlaw, may be held responsible for aiding and abetting Jonathan Heiligh in the commission of the offense of assault of another with a dangerous weapon, however, the Government must prove beyond a reasonable doubt that the defendant, Dominique Outlaw, knowingly and deliberately associated himself in some way with the offense and participated in it with the intent to commit the crime.

**OUTLAW V. UNITED STATES**                                        **1:13CV153**

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 17], DENYING
§ 2255 MOTION [DKT. NO. 1], AND DISMISSING CASE WITH PREJUDICE**

In order to sustain its burden of proof for the offense of aiding and abetting the assault of another with a dangerous weapon as charged in Count One of the Indictment, the United States must prove the following **three (3) essential elements** beyond a reasonable doubt:
1. That Jonathan Heiligh committed the offense of assault with a dangerous weapon;
2. That the defendant, Dominique Outlaw, knew that the offense of assault with a dangerous weapon was being committed by Jonathan Heiligh; and
3. That the defendant, Dominique Outlaw, knowingly and intentionally aided, assisted, or facilitated Jonathan Heiligh in committing the offense of assault with a dangerous weapon before it was complete.

The mere presence of the defendant where a crime is being committed, even coupled with knowledge by him that a crime is being committed, or the mere acquiescence by him in the criminal conduct of another, even with guilty knowledge, is not sufficient to establish aiding and abetting. . . . The evidence must show beyond a reasonable doubt that the defendant, Dominique Outlaw, acted with the knowledge and intention of aiding or assisting Jonathan Heiligh in his assault of C.D. with a dangerous weapon.
. . .
With respect to Count One, you must determine whether the defendant, Dominique Outlaw, acted with the specific purpose or intent to do bodily harm.

**"Intent"** ordinarily may not be proved directly, because there is no way of fathoming or scrutinizing the operations of the human mind. But you may infer the defendant's intent from the surrounding circumstances. You may consider any statement made and done or omitted by the defendant, and all other facts and circumstances in evidence which indicate his state of mind.

You may consider it reasonable to draw the inference and find that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. As I have said, it is entirely up to you to decide which

**OUTLAW V. UNITED STATES**                                                    **1:13CV153**

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 17], DENYING
§ 2255 MOTION [DKT. NO. 1], AND DISMISSING CASE WITH PREJUDICE**

>   facts to find from the evidence (Case No. 1:09CR123, Dkt. No. 74 at 15-18 (emphasis in original)).

   These instructions admittedly did not comply with the directive in Rosemond, decided over three years later, because they failed to instruct the jury that Outlaw must have known in advance of Heiligh's intent to use a weapon, meaning at a time when Outlaw still had an opportunity to discontinue his participation in the offense.  See Rosemond, 134 S.Ct. at 1249.

   Outlaw suffered no actual prejudice as a result of the Court's erroneous instruction, however, as the evidence adduced at trial belies his argument that he did not continue to participate in the assault after Heiligh produced a weapon.  See Frady, 456 U.S. at 172 (finding no actual prejudice where the evidence in the record supported the defendant's murder conviction).  In point of fact, the evidence at trial established that Heiligh struck the victim first, after which Outlaw kicked him in the head or neck area, and then struck him "in a stabbing motion" (Case No. 1:09CR123, Dkt. No. 119 at 40-42).  The superseding indictment clearly charged Outlaw with aiding and abetting Heiligh's first strike, following which Outlaw committed the assaults alleged in Counts Two and Three (Case No. 1:09CR123, Dkt. No. 24 at 1-3).  The jury convicted Outlaw on all three counts (Case No. 1:09CR123, Dkt. No. 76),

**OUTLAW V. UNITED STATES**                                              1:13CV153

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 17], DENYING
§ 2255 MOTION [DKT. NO. 1], AND DISMISSING CASE WITH PREJUDICE**

thereby discrediting his statement that he discontinued his participation in the assault after the events charged in Count One. Outlaw therefore cannot establish that he has suffered actual prejudice, and is not entitled to collateral relief. <u>Frady</u>, 456 U.S. at 170.

### **CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. If the court denies the certificate, "the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255(a).

The Court finds it inappropriate to issue a certificate of appealability in this matter because Outlaw has not made a "substantial showing of the denial of a constitutional right." <u>See</u> 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong, and that any dispositive procedural ruling by the district court is likewise debatable. <u>See</u> <u>Miller-El v.</u>

**OUTLAW V. UNITED STATES** 1:13CV153

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 17], DENYING
§ 2255 MOTION [DKT. NO. 1], AND DISMISSING CASE WITH PREJUDICE**

Cockrell, 537 U.S. 322, 336–38 (2003). Upon review of the record, the Court concludes that Outlaw has failed to make the requisite showing, and **DENIES** a certificate of appealability.

### CONCLUSION

For the reasons discussed, the Court **ADOPTS** the R&R (Dkt. No. 17), **OVERRULES** Outlaw's objections (Dkt. No. 23), **DENIES** Outlaw's § 2255 motion (Dkt. No. 1), and **DISMISSES** this case **WITH PREJUDICE**.

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record and the pro se petitioner, certified mail, return receipt requested, to enter a separate judgment order, and to remove this case from the active docket.

DATED: March 23, 2016.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE